## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN B. GARDNER, | Case No.19-CV-0706 (JRT/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| TANNA E. WISE; ROBERT NEUGEBOREN; and HUNTINGTON LAMBERT, | |
| Defendants. | |

Plaintiff John B. Gardner alleges that the defendants to this action—instructors and officials at the Harvard University Extension School—unlawfully retaliated against him during the course of his instruction due to his status as a veteran, eventually resulting in his dismissal from the school.  Gardner did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status.  *See* ECF No. 2.  That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Gardner qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the

1

provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The first problem with Gardner's pleading is that it is not, strictly speaking, a pleading at all. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Gardner's pleading follows none of those rules. The complaint itself directs the Court and the defendants simply to "please see included documents." Compl. at 4 [ECF No. 1]. Among these documents is a letter that makes clear that Gardner is seeking relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., due to alleged retaliation by school officials, but the letter is not in the form of the pleading—the allegations and claims are not stated in numbered paragraphs, for example—and includes little by way of factual

allegation. *See* ECF No. 3-1. The basic events at issue in the litigation, as presented in the letter, are almost indecipherable without reference to the nearly 150 pages of exhibits, mostly emails between Gardner, the defendants, and other officials of Harvard University, submitted with the complaint or shortly thereafter. Even *with* reference to the documents, it is not always exactly clear what, specifically, Gardner is alleging, since those allegations can only be gleaned after they are filtered through the back-and-forth of a fragmentary record of correspondence.

Were this the only problem with the pleading, this Court would direct Gardner to submit an amended complaint that complies with the Federal Rules of Civil Procedure. But a review of Gardner's complaint, expository letter, and the exhibits attached to the pleading reveals that Gardner lacks a plausible basis to seek relief under Title VI.

Three series of events are at issue in this litigation. First, Gardner alleges[1] that in March 2018, while a student at the Harvard University Extension School, he approached officials at the school inquiring "about the [Harvard] Innovation Lab's protocol for safeguarding data/personal information." ECF No. 3-1 at 1. Due to this inquiry, Gardner was threatened with being found in violation of the student conduct code by defendant Robert Neugeboren, the Dean of Students at the university. *Id.* It does not appear from the complaint or documents attached to the complaint that Gardner suffered any adverse consequences at this time.

Second, Gardner alleges that he received differential treatment from a teaching assistant, defendant Tanna E. Wise, during the course of the autumn of 2018. Gardner's

---

[1] Again, this Court assumes, for purposes of review, that the non-conclusory factual allegations made by Gardner are true, and all reasonable inferences are drawn in Gardner's favor.

3

belief that he was being ignored or otherwise instructed improperly by Wise resulted in him sending countless emails to Wise, Neugeboren, and several other Harvard officials. In January 2019, Wise filed a report with the Harvard University Police Department regarding what she believed was ongoing harassment by Gardner. *See* ECF No. 1-3 at 9.

Third, Gardner was accepted for readmission to the Harvard University Extension School on or around January 14, 2019. *Id.* at 12. Shortly thereafter, though, Gardner's admission was administratively withdrawn by defendant Huntington Lambert. *See* ECF No. 3-1 at 2.

Gardner now brings this action seeking reinstatement to the Harvard University Extension School. His legal ground for seeking that relief is a claim that the defendants named to this action unlawfully retaliated against him on account of his status as a veteran, putatively in violation of Title VI of the Civil Rights Act. This claim is not plausible.

There are two overwhelming problems with Gardner's claim under Title VI. First, Title VI provides that "[n]o individual, on the basis of race, sex, color, national origin, disability, religion, age, sexual orientation, or status as a parent, shall be excluded from participation in, be denied the benefits of, or be subjected to discrimination in, a Federally conducted education or training program or activity," and it creates an implied right of action for discrimination on those grounds. 42 U.S.C. § 2000d, § 1-102. Gardner, however, does not allege that he was discriminated against "on the basis of race, sex, color, national origin, disability, religion, age, sexual orientation, or status as a parent." *Id.* Rather, Gardner alleges that he was discriminated against on the basis of his veteran status and that he was retaliated against when he raised concerns about being treated

4

unfairly. But veteran status is not a protected group under Title VI, and not all unfair behavior is prohibited by federal law.

Second, even if discrimination or retaliation due to status as a veteran *were* a basis upon which to bring a Title VI claim, Gardner has failed to present allegations that would allow a reasonable inference that his status as a veteran was a motivating factor for any of the actions taken by the defendants. There is simply no plausible nexus between Gardner's veteran status and the events at issue. Gardner's status as a veteran goes almost entirely undiscussed in the correspondence dated from the events at issue; not until well *after* Gardner's admission was terminated did he conclude that his status as a veteran may have played a role. But a mere hypothesis is not a sufficient basis upon which to bring a discrimination or retaliation claim—especially when much more reasonable explanations for defendants' actions can be drawn from the complaint and exhibits attached to the complaint. There is simply no reason from the complaint to believe that Gardner being a veteran had anything to do with his dismissal or any of the other events that occurred prior to his dismissal. Gardner's Title VI claim is inadequately pleaded, and therefore this action must be dismissed without prejudice.[2]

Finally, Gardner has filed a motion for a temporary restraining order ("TRO") seeking his reinstatement to the Harvard University Extension School. "The court considers four factors in determining whether a TRO should issue: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between that harm and the harm that the relief may cause the non-moving party, (3) the likelihood of the

---

[2] Gardner also alleges, in addition to his Title VI claim, that the defendants violated Harvard policies through their conduct, but Gardner does not identify the specific policies that were violated, and it is doubtful that Gardner can seek judicial relief solely on the basis of a violation of an internal policy of a private educational institution.

movant's ultimate success on the merits and (4) the public interest." *Life Time Fitness, Inc. v. DeCelles*, 854 F. Supp. 2d 690, 694-95 (D. Minn. 2012) (citing *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).  This Court has already explained that Gardner has failed to state a plausible claim for relief.  It follows from that conclusion that Gardner has no chance of success on the merits of his claims, at least as those claims are pleaded.  And a TRO cannot issue where the litigant seeking the TRO has no chance of success.  *See, e.g.*, *Curtis 1000, Inc. v. Suess*, 24 F.3d 941, 945 (7th Cir. 1994).  Accordingly, it is recommended that the motion for a TRO be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff John B. Gardner [ECF No. 2] be DENIED.

3. Gardner's motion for a temporary restraining order [ECF No. 9] be DENIED.

Dated: April 25, 2019        s/David T. Schultz
                             DAVID T. SCHULTZ
                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

6

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).