UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN B. GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>TANNA E. WISE; ROBERT NEUGEBOREN; and HUNTINGTON LAMBERT,<br><br>Defendants. | Civil No. 19-706 (JRT/DTS)<br><br>**ORDER<br>ADOPTING REPORT AND<br>RECOMMENDATION** |

John B. Gardner, 604 Fifth Street Southeast, Minneapolis, MN 55414, *pro se* plaintiff.

Plaintiff John B. Gardner was admitted to the Harvard Extension School's Masters in Liberal Arts program in January 2019, and was administratively removed later that month. (Compl., Ex. C ("Ex. C") at 1, Mar. 14, 2019, Docket No. 1-3; Letter at 1, Mar. 14, 2019, Docket No. 3-1.) Gardner brought this action against Harvard staff and officials on March 14, 2019, seeking reinstatement into the program and alleging that the school discriminated against him based on his status as a veteran in violation of Title VI of the Civil Rights Act. (Compl. at 4, Mar. 14, 2019, Docket No. 1; Letter ("Letter 4") at 1, Apr. 1, 2019, Docket No. 8.) Gardner also submitted an application to proceed *in forma pauperis* ("IFP"). (Appl., Mar. 14, 2019, Docket No. 2.) Finally, on April 12, 2019, Gardner filed a motion for a temporary restraining order ("TRO"), again seeking immediate reinstatement into the Harvard Extension School. (Mot., Apr. 12, 2019, Docket No. 9.)

- 1 -

On April 25, 2019, Magistrate Judge David T. Schultz filed a Report and Recommendation ("R&R") recommending that the matter be dismissed without prejudice. (R. & R. at 6, Apr. 25, 2019, Docket No. 11.) Gardner objects. (Objs., May 13, 2019, Docket No. 12.) Because Gardner has failed to satisfy basic pleading standards and has not stated a claim upon which relief may be granted, the Court will overrule Gardner's objections, adopt the R&R, deny Gardner's application to proceed IFP, and dismiss this action without prejudice.

## BACKGROUND

Gardner's association with the Harvard Extension School ("HES") is unclear. Early in 2018, Gardner was in contact with HES administrators. (*See, e.g.*, Compl., Ex. B at 5-16.) Gardner alleges that in March 2018, a Harvard official threatened to find him in violation of Harvard's student code after Gardner inquired about Harvard Innovation Lab's protocols for handling personal data. (Letter at 3.) In the fall of 2018, Gardner took a course at HES. (Letter at 2.) Gardner alleges that Defendant Tanna Wise, his teaching assistant for that course, discriminated against him by delaying her email responses and feedback to him as compared to other students in the class. (*See* Letter at 2; Compl., Ex. A ("Ex. A") at 26-27, Mar. 14, 2019, Docket No. 1-1.) During the fall of 2018, Gardner emailed Wise several times regarding his section grade, his concerns about possible discriminatory or disparate treatment, and his belief that Wise's LinkedIn page was inaccurate. (*See* Letter ("Letter 3"), Ex. 1 at 2-3, Mar. 21, 2019, Docket No. 5-1.) At some point in 2018, Wise filed a university complaint against Gardner. (*See* Ex. C at 3.) On

January 15, 2019, Gardner was admitted to HES. (Letter at 1.) He was administratively removed on January 31, 2019. (*Id.*)

In addition to reinstatement into Harvard's Extension School, Gardner seeks injunctive relief preserving the communications between Gardner and the Defendants, dismissing Wise's university complaint, and mandating that Wise correct her LinkedIn profile. (Compl. at 4.)

The Complaint in this action does not include enumerated paragraphs, but instead asks the Court to "[p]lease see included documents." (*Id.*) The included documents, totaling 114 pages, contain email threads between Gardner and the Defendants, emails between Gardner and third-parties, Gardner's commentary on the email threads, and internet links. (*See generally* Ex. A; Ex. C; Compl., Exs. B, D, Mar. 14, 2019, Docket Nos. 1-2, 1-4.) Gardner then filed the motion for a TRO. (Mot.) Gardner initially alleged that the discrimination against him was based on his status as a veteran. (Letter 4 at 1.)

The Magistrate Judge recommended that Gardner's IFP application be denied and the case be dismissed for three reasons. First, the Magistrate Judge found that the Complaint did not comply with the pleading standards required by the Federal Rules of Civil Procedure. (R. & R. at 2-3.) Specifically, the Magistrate Judge found that the pleadings did not contain "a short and plain statement of the claim" as required by Rule 8(a)(2); did not contain "simple, concise, and direct" allegations as required by Rule 8(d); were not in numbered paragraphs as required by Rule 10(b); and contained no factual allegations, instead relying entirely on attached exhibits. (*Id.*) Second, the Magistrate Judge found that Gardner had failed to state a claim upon which relief can be granted

because veteran status is not protected under Title VI. (*Id.* at 4-5 (citing 42 U.S.C. § 2000d).) Finally, the Magistrate Judge found that, even considering the exhibits filed with the Complaint, Gardner failed to allege any facts showing that his veteran status motivated Defendants' actions. (*Id.* at 5.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. L.R. 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3). To be proper, the objections must specifically identify the portions of the report and recommendation to which the party objects and explain the basis for the objections. *Turner v. Minnesota*, No. 16-3962, 2017 WL 5513629, at *1 (D. Minn. 2015). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

### II. GARDNER'S OBJECTIONS

#### A. Pleading Standards

Gardner first objects to the Magistrate Judge's conclusion that the Complaint fails to satisfy pleading standards. A pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A complaint by a pro se plaintiff is to be construed liberally. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Even so, a pro se plaintiff "must allege sufficient facts to support the claims advanced." *Id.* A pro se plaintiff is not excused from reading the Federal Rules of Civil Procedure. *Jiricko v. Moser & Marsalek, P.C.*, 184 F.R.D. 611, 615 (E.D. Mo. 1999), *aff'd*, 187 F.3d 641 (8th Cir. 1999).

Even construing the Complaint and attached documents liberally, the Court finds that they fail to satisfy pleading standards. The pleadings do not contain "short and plain" statements, nor do they present the allegations in numbered paragraphs. Instead, most of the information is presented in fragmented email threads attached to the pleadings and spanning over 100 pages. Although one set of documents—referred to by Gardner as "Group A"—does have a numbering and indexing system, others do not. It is not the task of the Court to parse through hundreds of pages of documents to piece together information that may, if presented properly, give rise to a valid legal claim. That is the job of the plaintiff, who must use the Federal Rules as a guide. As such, the Court will dismiss this action without prejudice.

## B. Gardner's Discrimination Claims

Gardner also presents various objections related to the Magistrate Judge's finding that, even if the Complaint had otherwise met pleading standards, it should be dismissed for failure to state a claim upon which relief can be granted.

### i. Discrimination Under Title VI

Gardner objects to the Magistrate Judge's finding that he did not state a plausible basis for relief under Title VI. Gardner argues that Wise discriminated against him not only based on his status as a veteran, but also on his "identity of sort, race or ethnicity." (Objs. at 3.)

As the Magistrate Judge noted, an IFP application will be denied, and an action dismissed, when the applicant fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing whether a complaint states a claim upon which relief may be granted, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[T]he statute . . . requires a plaintiff to show that a forbidden reason was the but-for cause" of the adverse effect on the plaintiff. *Abdull v. Lovaas Inst. for Early Intervention Midwest*, 819 F.3d 430, 433 (8th Cir. 2016). "To establish the elements of a prima facie case under Title VI, a complaining party must demonstrate that his/her race, color, or national origin was the motive for the discriminatory conduct." *Thompson By & Through Buckhanon v. Bd. of the Special Sch. Dist. No. 1 (Minneapolis)*, 144 F.3d 574, 581 (8th Cir. 1998).

There are two issues with Gardner's Title VI claim. First, to the extent Gardner alleges that he was discriminated against because of his veteran status, his claim fails because veteran status is not protected under Title VI. Second, while Gardner does argue that he may have been discriminated against because of his "identity," "race or ethnicity," he has alleged no facts showing that his race or ethnicity motivated the Defendants' allegedly discriminatory conduct. In fact, Gardner admits that he does "not know[] for sure why the T/A Tanna Wise discriminated against me." (Objs. at 6.) Moreover, throughout the exhibits and objections, Gardner suggests repeatedly that Wise's treatment of him may

have resulted from her own family history. Accordingly, Gardner has not plausibly alleged that Defendants discriminated against him based on his race or ethnicity.

Gardner correctly points out that disparate impact may be evidence of intentional discrimination in certain cases. (Objs. at 6 (citing *Garcia ex rel. Garcia v. Board of Educ. of Albuquerque Public Schools*, 436 F. Supp. 2d 1181 (D.N.M. 2006).) *See also Washington v. Davis*, 426 U.S. 229, 242 (1976). A "disparate impact exists when a defendant's racially neutral practice detrimentally affects persons of a particular race to a greater extent than other races." *Garcia*, 436 F. Supp. 2d at 1191 (citing *Powell v. Ridge*, 189 F.3d 387, 394 (3d Cir. 1999)). While Gardner has alleged that **he** was treated differently than others by Defendants—for instance, that Wise took longer to respond to his emails than those of his classmates—he has not alleged that persons of a particular race or ethnicity were detrimentally affected by Defendants' conduct to a greater extent than others. Accordingly, the Court finds that Gardner has failed to state a claim under Title VI.

### ii. Retaliation Under Title VI

Gardner also objects to the Magistrate Judge's finding that he failed to show that Defendants retaliated against him in violation of Title VI. To succeed on a Title VI retaliation claim, a plaintiff must show that: (1) he engaged in a protected activity; (2) the funded entity subjected him to adverse action after, or contemporaneous with, the protected activity; and (3) a causal link exists between the adverse action and the protected activity. *Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 522 (3d Cir. 2011). "As in other

civil rights contexts, to show 'protected activity,' the plaintiff in a Title VI retaliation case need 'only . . . prove that he opposed an unlawful . . . practice which he reasonably believed had occurred or was occurring.'" *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003) (alteration in original) (quoting *Bigge v. Albertsons*, Inc., 894 F.2d 1497, 1503 (11th Cir. 1990)).

Gardner argues that Defendants retaliated against him for inquiring about the Harvard Innovation Lab's protocol for protecting personal data. That Gardner inquired into Harvard's data protection practices does not establish that he opposed an unlawful practice. Accordingly, Gardner has not shown that he engaged in a protected activity as defined under Title VI. Moreover, Gardner has not alleged any facts showing a causal connection between his inquiry and Defendants' alleged adverse actions.

Gardner also argues that Wise retaliated against him after he engaged in protected activity by notifying her via email of his concerns regarding her treatment of him. Gardner further argues that Robert Neugeboren's "silent treatment" toward him, Neugeboren's alleged coercion of other Harvard officials to similarly ignore him, and his administrative removal from the program were retaliatory.

These arguments fail for several reasons. First, Gardner has not shown that his belief that Wise engaged in unlawful activity was reasonable. Thus, his communication with her regarding her allegedly disparate treatment of him was not a protected activity as defined by Title VI. Moreover, even assuming that Gardner did engage in protected activity, he has not demonstrated a causal link between that activity and Defendants' actions. Nothing in Gardner's correspondence with Harvard staff and officials establishes

that he was ignored or dismissed simply because he asked why he had been treated differently from other students. Instead, the record suggests that Gardner was reprimanded and ultimately dismissed from his program because of inappropriate or excessive communications with Harvard staff and officials over time. Accordingly, the Court finds that Gardner has failed to allege facts sufficient to state a claim for retaliation under Title VI.

### iii. 18 U.S.C. § 242

Gardner also argues that the alleged retaliation against him resulted in a Color of Law violation under 18 U.S.C. § 242. Section 242 protects a person from being deprived of constitutional rights because "of such person being an alien, or by reason of his color, or race." 18 U.S.C. § 242. Gardner does not allege that his constitutional rights have been violated, nor does he show that race was a motivating factor for Defendants' treatment of him. As such, Gardner's argument fails.[1]

### C. Temporary Restraining Order

Gardner objects to the Magistrate Judge's denial of his motion for a TRO. As the Magistrate Judge noted, when determining whether to issue a TRO, the Court considers the movant's likelihood of success on the merits of his claims. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Because Gardner has not stated a claim

---

[1] Gardner asked the Court to consider whether 18 U.S.C. § 241 applies to this case. It does not. There is no private cause of action under § 241. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges.").

upon which relief can be granted, and has thus not demonstrated a likelihood of succeeding on the merits of his claims, the Court will deny his motion for a TRO.

## III. CONCLUSION

The Court recognizes that Gardner's education may have been negatively impacted by the events described in the documents on file. However, the federal courts are not available to provide recourse to every person who believes he has been treated unfairly. In this case, Gardner has failed to satisfy basic pleading standards and has not alleged facts that give rise to a plausible claim for relief. Accordingly, the Court will overrule Gardner's objections, adopt the R&R in full, and dismiss this action without prejudice, which means that it can be re-filed within a limited period of time if plaintiff can cure the problems with the Complaint that are noted in this Order .

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed *in forma pauperis* [Docket No. 2] is **DENIED**;

2. Plaintiff's motion for Temporary Restraining Order [Docket No. 9] is **DENIED**;

3. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Docket No. 12] are **OVERRULED**;

4. The Report and Recommendation of the Magistrate Judge [Docket No. 11] is **ADOPTED**; and

5. This action is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 26, 2019  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Judge